# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 19-1250V
(not to be published)

| | |
|---|---|
| TERESA GARCIA,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: March 16, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Kristy Marie Arevalo*, Welebir & McCune, Redlands, CA, for Petitioner.

*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On August 21, 2019, Teresa Garcia filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she received a Tdap and PPSV23 vaccine April 3, 2018, and thereafter suffered Shoulder Injury Related to Vaccine Administration. (ECF No. 20-1 at 1-2). On May 6, 2020, Petitioner filed a Notice of Intent to Withdraw Petition (ECF No. 15), and proceedings in this case concluded on May 18, 2020. (ECF No. 16).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated October 29, 2020 (ECF No. 20), requesting a total award of $22,434.36 (representing $21,798.60 in fees and $635.76 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 23). Respondent reacted to the motion on November 12, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 21). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

**ATTORNEY FEES**

    A.  <u>Hourly Rates</u>

Petitioner requests that I endorse the following hourly rates: for attorney Kristy Arevalo, $405 per hour for time billed in 2019 and $422 for time billed in 2020; for associate Jessica Becerra, $243 per hour for time billed in 2019 and $253 for time billed in 2020; and paralegal Carol Espinosa, $156 per hour for time billed in 2018 & 2019 and $163 for time billed in 2020. I find adjustments are needed to the rates requested.

Ms. Arevalo has been a practicing attorney since 2001, placing her in the range of attorneys with 11-19 years of experience. (ECF No. 20-1 at 1). The requested rates are all within the Vaccine Program's published range for attorneys at her level of overall experience, albeit on the highest end of the range.[3] However, Ms. Arevalo does not have demonstrated Vaccine Act experience, with this matter being her second Program case. It is therefore improper for Ms. Arevalo to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Similarly, the requested rates for the Ms. Becerra and Ms. Espinosa are on the highest end of their respective ranges. While they individually may have ample experience performing their jobs, that experience is not in the Vaccine Program, and therefore they reasonably should be awarded a bit less than more-experienced counsel who regularly represent petitioners in Vaccine Act cases.

Accordingly, I find it reasonable to reduce the requested hourly rates to the following:

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

|  | **2018** | **2019** | **2020** |
|---|---|---|---|
| **Arevalo** | - | $385 | $400 |
| **Becerra** | - | $165 | $185 |
| **Espinosa** | $135 | $145 | $155 |

This reduces the overall attorney's fees to be awarded in this matter by **$3,965.20**.[4]

### B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 3.9 hours was billed by paralegals on tasks considered administrative including, intake, mailing documents and uploading documents. Examples of these entries include:

- December 13, 2018 (0.60 hrs) "Intake prepared to be mailed";

- March 6, 2019 (0.10 hrs) "Paid invoices";

- January 6, 2020 (0.20 hrs) "Upload new medical records"; and

- February 6, 2020 (2.0 hrs) "Mailing out the Amended Petition and Exhibits to the court (over 400 pages)."

(ECF No. 20-2 at 1,4 and 5).[5]

---

[4] This amount consists of ($405 - $385 = $20 x 11.7 hrs = $234) + ($422 - $400 = $22 x 5.3 hrs = $116.60) + ($243 - $165 = $78 x 28.1 hrs = $2,191.80) + ($253 - $185 = $68 x 17.3 hrs = $1,176.40) + ($156 - $135 = $21 x 0.80 hrs = $16.80) + ($156 - $145 = $11 x 15.20 hrs = $167.20) + ($163 - $155 = $8 x 7.8 hrs = $62.40) = $3,965.20.

[5] These are merely examples not an exhaustive list.

4

This further reduces the amount in fees to be awarded by **$771.00**.[6]

## ATTORNEY COSTS

Petitioner requests $635.76 in overall costs. (ECF No. 20-3). This amount is comprised of obtaining medical records, shipping costs, and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$17,698.16** (representing $17,062.40 in fees and $635.76 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

                                               **s/Brian H. Corcoran**
                                               Brian H. Corcoran
                                               Chief Special Master

---

[6] This amount consists of ($135 x .80 hrs = $108) + ($145 x 1.90 hrs = $275.50) + ($155 x 2.5 hrs = $387.50) = $771.00.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

5